UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAWN WILSON                                                                                           RESPONDENT

VERSUS                                               CIVIL ACTION NO. 3:25-CV-251-TSL-RPM

BURL CAIN                                                                                              RESPONDENT

## REPORT AND RECOMMENDATION

On April 7, 2025, Shawn Wilson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 conviction and sentence in Neshoba County Circuit Court for sale of methamphetamine. Wilson was also charged as a habitual offender. [11-1] at 14-16. He initially entered a guilty plea to the charges on July 18, 2016. *Id.* at 17-32. The circuit court sentenced Wilson to 60 years but withheld acceptance of his guilty plea and sentence on condition that he complete five years supervised probation in the drug court program. *Id.* at 33-37. The order provided that Wilson could be incarcerated immediately for violating the drug court requirements.

In April 2018, the trial court found that Wilson had violated the terms of the drug court program. [11-1] at 68-70. Specifically, the trial court found he (1) failed to enroll in electronic monitoring; (2) failed to keep his probation officer informed of interactions with law enforcement; and (3) failed to complete community service. *Ibid.* Additionally, the trial court found that Wilson failed a drug test, was arrested and charged with ten counts of conspiracy to possess methamphetamine, and possessed drug paraphernalia. *Ibid.* On April 2, 2018, the trial court accepted Wilson's guilty plea and sentenced him to 60 years in Mississippi of Department Corrections' (MDOC) custody. *Id*. at 101-02.

In November 2022, Wilson filed a motion for post-conviction relief (PCR) in Neshoba County Circuit Court, in which he raised a double jeopardy claim. [11-1] at 6-12. The trial court denied the PCR motion. *Id.* at 47- 50. The Mississippi Court of Appeals affirmed the trial court and held that Wilson's PCR motion was untimely. [11-2] at 30-35. He then filed a petition for certiorari review with the Mississippi Supreme Court. [11-4] at 11-17. The Mississippi Supreme Court dismissed his petition as untimely. *Id.* at 103-04.

Wilson filed the instant § 2254 petition on April 7, 2025, asserting in essence: (1) he was subject to double jeopardy; and (2) the drug court contract was illegal and void. Respondent has filed a motion to dismiss and argues that Wilson's petition is time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. [12]. In his response, Wilson briefly addressed the time-bar issue and argued his guilty plea was null and void; therefore, the AEDPA does not apply. [13] at 9.

## Law and Analysis

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Neshoba County Circuit Court revoked Wilson's suspended sentence on April 4, 2018. Under Mississippi law, an order revoking a suspended sentence is not directly appealable. *See Hodges v. Matthews*, No. 5:18-CV-96-DCB-LRA, 2019 WL 2387098, at *2 (S.D. Miss. Apr. 29, 2019); *Beasley v. State of Mississippi*, 795 So.2d 539, 540 (Miss. 2001). Accordingly, for purposes of the AEDPA, Wilson's judgment became final on April 4, 2018. Wilson then had one year, or until April 4, 2019, to file a timely federal habeas petition. Absent statutory or equitable tolling, Wilson's petition filed on April 7, 2025, was filed almost six years too late.

Wilson did not file a PCR motion in State court prior to the expiration of the AEDPA's one-year limitation period. Instead, he filed a PCR motion in November 2022, more than three years after the limitations period already had expired; therefore, his PCR did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, he is not entitled to statutory tolling of the limitations period.

Although Wilson is not entitled to statutory tolling, the Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649-54 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Equitable tolling is available if the petitioner is actively misled about the cause of action or is prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Wilson bears the

burden of demonstrating he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In his petition, Wilson does not address the time-bar issue. However, he attached exhibits referencing COVID-19. [2-14] [2-15] [2-16]. In response to the motion to dismiss, he contends the drug court contract was illegal. [13] at 9. He further asserts his guilty plea was "null and void," because it was not a valid contractual agreement; therefore, the AEPDA does not apply. *Ibid.*

Wilson's contention that the guilty plea and sentence were somehow illegal or invalid does not serve as a basis for equitable tolling. *See Wilson v. Cain*, No. 5:22-CV-69-DCB-BWR, 2023 WL 5803702, at *3 (S.D. Miss. Sept. 7, 2023) (collecting cases). Regardless, he does not explain how he pursued his rights diligently; nor does he identify some extraordinary circumstance that prevented a timely filing. Wilson waited until long after the limitations period had expired before he even filed a PCR in state court. His *pro se* status and unfamiliarity with the law do not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). To the extent Wilson relies on the COVID-19 pandemic as a justification for equitable tolling, this argument is without merit. *See Young v. Mississippi*, 3:20-CV-736 TSL-RPM, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021). In fact, the limitations period expired before the first COVID-19 case was detected in Mississippi on March 11, 2020. *See ibid*.

Finally, proof of actual innocence has been recognized as a gateway to overcome the time bar. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To utilize the *McQuiggin* gateway, the movant must show that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 326-27 (1995).

Here, Wilson entered a guilty plea to the underlying drug offense and received a suspended sentence. He does not offer any proof of actual innocence. He violated the terms of the plea agreement which resulted in the suspended sentence being imposed. Wilson argues that the plea agreement was somehow invalid, but he does not dispute whether in fact he committed the underlying drug offense. At the guilty plea hearing, while under oath, Wilson admitted to the sale of methamphetamine. [11-1] at 19-20. He also acknowledged that he faced a potential 60-year prison term for the crime of conviction. *Id.* at 21, 27. He acknowledged that if he failed to complete the terms of the drug court agreement, he would get the maximum 60-year sentence. *Id.* at 27.

Nor does Wilson dispute whether in fact he violated at least some of the terms of his drug court agreement. He submitted an affidavit from his son who stated that the marijuana and drug paraphernalia belonged to the son. [2-2]. Even accepting this statement as true, it does not absolve Wilson of the remaining grounds that served as a basis for terminating the drug court agreement and revoking Wilson's suspended sentence—namely, failure to register for electronic monitoring, failing to report to his probation officer, and failing to perform community service. Any one of which the trial court found "could have resulted in termination from drug court." [11-1] at 68-69. In addition, the affidavit does not account for Wilson's failed drug test or his arrest on ten counts of conspiracy to possess methamphetamine.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [12] Motion to Dismiss be GRANTED and that Shawn Wilson's petition for writ of habeas corpus be dismissed as time barred by the AEDPA's one-year limitation period.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 26th day of January 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE